McDonald and wife, Appellants, vs. City of Black River Falls and another, Respondents.

*October 10—November 21, 1944.*

For the appellants there was a brief by *Rush & Devos* of Neillsville, and oral argument by *A. L. Devos.*

*D. M. Perry,* city attorney of Black River Falls, and *Lester R. Johnson,* district attorney of Jackson county, for the respondents.

FOWLER, J. The plaintiffs, husband and wife, paid taxes on real estate and personal property in Jackson county to the amount of $5,103.44 in the year 1942. The payment was made under protest that the county tax paid is in part illegal, and the plaintiffs seek recovery of the amount of the illegal part. The court on trial dismissed the complaint on the merits.

The ground laid for recovery is that sec. 70.62 (2), Stats. 1941, provided that the total amount of the county taxes levied in a county in any year should not exceed one per centum of the total assessed valuation of the property within the county in the current year as fixed by the tax commission. The subsection further provided that such limitation should not apply "to any taxes levied to pay the principal and interest" upon "any valid bonds or notes of the county now outstanding or hereafter issued." This proviso was added to sec. 70.62 (2) by ch. 100, Laws of 1933.

It is contended by the plaintiffs that under the statute above cited two items included in the total county tax levy were illegally included: (1) An item of $40,000 for a temporary loan; and (2) an item of $37,357.51 for road and bridge construction.

(1) It appears that on October 31, 1941, the county treasurer had overdrawn the county account at the county bank depository to the amount of $5,029.75, and that on November 14, 1941, the county board expressly authorized a loan from the bank of $40,000 "for temporary purposes" and

that this amount and $1,000 for interest thereon were included in the county tax levy. Two notes of $20,000 each were executed and delivered to the bank to cover this loan. This loan was made as necessary to carry the county over the next month, and the notes were outstanding when the county tax was levied.

Sec. 70.62 (2), Stats. 1941, reads as follows:

"The total amount of county taxes assessed, levied and carried out against the taxable property of any county in any one year shall not exceed in the whole one per centum of the total valuation of said county for the current year as fixed by the tax commission; provided that such limitation shall not apply to any taxes levied to pay the principal and interest upon any valid bonds or notes of the county now outstanding or hereafter issued. . . ."

We think it plain from the language of the section that the inclusion of the $41,000 in the tax levy was legal and that the plaintiff is not entitled to any recovery because of its inclusion.

The plaintiffs contend that the case of *Oconto Co. v. Town of Townsend,* 210 Wis. 85, 244 N. W. 761, 246 N. W. 410, holds that the levy of the tax to cover the notes was erroneous. The statute involved was amended subsequent to the decision cited for the purpose of exempting from the one per centum limitation the amount of notes outstanding at the time of the enactment of the amendment or subsequently issued. Ch. 100, Laws of 1933. The notes here involved, executed for money borrowed subsequent to the enactment of the amendment and prior to the levy of the county tax, manifestly renders the rule of the *Oconto Co. Case* inapplicable to the tax to pay temporary loans.

(2) The item of the tax to cover road and bridge construction is claimed by the defendants to have been properly excluded under sec. 83.06 (4), Stats. 1941, which provides that the county board shall annually levy a tax of not more than

two mills on the dollar, "which tax shall be in addition to all other taxes, . . . for the purposes of constructing and maintaining highways and bridges under the provisions of this chapter [ch. 83] and for the purpose of purchasing, operating, renting and repairing machinery, quarries and gravel pits used in such construction and maintenance."

The resolution of the county board levying the county tax breaks up the county tax levy into several items among which is the item "all other county taxes." This item includes the $37,000 taxes in controversy. The county board previous to making the tax levy had adopted a county budget. This budget shows the $37,000 was composed of two items: "Sec. 83.14, Highway Construction—$23,857.51; Sec. 83.03, Emergency Road and Bridge—$13,500."

Sec. 83.14, Stats. 1941, covers taxes imposed pursuant to town and village initiative. The amount of the taxes payable by the county for improvements so initiated is required by sub. (3) of this section to be equal to or greater than the amount voted by the local municipality. Sec. 83.03 covers "County aid generally." The opening sentence of it is: "The county board may construct or improve *or repair* or aid in constructing or improving or repairing any road or bridge in the county." The use of the words "emergency road and bridge" in the budget in connection with imposition of the $13,500 tax seems to indicate that the $13,500 was intended to cover "repairs" to roads and bridges. There is no provision in the tax resolution of the county board imposing a two-mill tax under sec. 83.06 (4) or expressly imposing either item of the $37,000 tax under that section. The precise question we have to determine is whether the two items in controversy or either of them are to be included in the one per centum limitation of sec. 70.62.

In the *Oconto Co. Case, supra,* the two-mill tax involved was expressly levied under sec. 83.06 (4), Stats., while here the taxes in controversy were not expressly so levied. But

as they were here levied for purposes for which the two-mill tax is authorized, we consider that the county should be given credit for the levy of that tax as the two specific levies fall within those purposes. The purpose of the two-mill tax as heretofore stated is declared by sub. (4) of sec. 83.06 to be "constructing and maintaining highways and bridges under the provisions of this chapter [ch. 83]. . . ."

As to the item levied as under sec. 83.14, Stats., sub. (3) of that section provides that when an improvement in a state road is initiated by a town or village the county board shall appropriate for the improvement a sum equal to or greater than the amount appropriated by the local municipality. The $23,000 road tax was levied pursuant to town initiative and for a purpose within the purpose of the two-mill tax. This two-mill tax is expressly levied "in addition to all other taxes" and is therefore to be excluded from the one per centum limitation of sec. 70.62. It was held in the *Oconto Co. Case, supra,* opinion, pages 95, 96, that a tax authorized by the legislature and imposed after the authorization of the two-mill tax is to be excluded from the one per centum limitation of sec. 70.62 when the act authorizing it indicates an intent to exclude it, and that as sub. (4) of sec. 83.06 authorized the two-mill tax "in addition to all other taxes" the legislative intent to exclude it appeared. So here. The one per centum limitation of sec. 70.62 was imposed by ch. 430, Laws of 1907. The taxes here involved were originally authorized by ch. 337, Laws of 1911, as hereinafter more particularly shown. It is thus clear that the $23,000 tax here involved is to be excluded. As to this tax it is further to be noted that both the initiative of road improvements by local municipalities and the two-mill tax for road improvements were originally enacted by ch. 337, Laws of 1911, which created sec. 1317m—4, 1, sec. 1317m—5, 2, and sec. 1317m—5, 6, Stats. 1911. The first of these three statutes provided for the local initiative, the second for a county initiative, and the third for a three-mill tax. The

three-mill tax has been reduced to two mills, and the amounts of the county appropriations have been since changed, but the original legislative purpose and intent inhere in the existing changed provisions.

As to the tax here levied as under sec. 83.03, Stats., it is also plain that it is to be excluded from the one per centum limitation of sec. 70.62. In the opening sentence of sec. 83.03 it is declared that the county board "may construct or improve or repair . . . any road or bridge in the county." The $13,500 levy is plainly within the purpose of the two-mill tax "of constructing and maintaining highways and bridges under the provisions of this chapter [ch. 83]." The $13,500 tax was levied under ch. 83, Stats., just as was the $23,000 tax, and it must be excluded from the one per centum limitation of sec. 70.62 just as the $23,000 tax must. This more particularly appears from the fact that sec. 83.03 like sec. 83.14 was created by ch. 337, Laws of 1911, which created sec. 1317m—5, 1. As above stated in connection with sec. 83.14 the two-mill tax stems from said ch. 337, and sub. 6 of sec. 1317m—5 created by that act declared that the tax was to be used "for the purpose of constructing and maintaining highways and bridges in accordance with the provisions of *this act*."

The above is in accord with the opinion in the *Oconto Co. Case, supra,* as to the taxes leviable for highway purposes, and we will apply the rule of that case to determine whether the instant county tax was excessive. From page 97 of that opinion it appears that a county board can levy such an amount for highway purposes as it sees fit provided it keeps its total county tax levy within the amount of the one per cent limitation of sec. 70.62, Stats., plus the amount of the two-mill tax levy of sec. 83.06 (4), plus any other items of tax excluded from the one per cent limitation. From page 95 of that opinion it appears that the tax for soldiers' relief levied under sec. 45.10 is excluded. In the instant case a tax of $2,800

for soldiers' relief was levied. In the instant case the one per centum limitation of sec. 70.62 was $144,263.80; the two-mill tax leviable under sec. 83.06 (4) was $28,852.76; a tax of $41,000 was levied to cover payment of temporary loans and a tax of $6,190 to cover bond payments. Applying the rule of the *Oconto Co. Case* to these facts we get the permissible county tax levy as follows:

| | |
|---|---:|
| One per cent limitation | $144,263.80 |
| Two-mill tax | 28,852.76 |
| Soldiers' relief tax | 2,800.00 |
| Tax for payment of temporary loans | 41,000.00 |
| Tax for payment of bonds | 6,190.00 |
| | $223,106.56 |

It is conceded, and the resolution of the county board that levied the county tax shows, that the total county tax levy was of that amount. The levy was therefore legal.

*By the Court.*—The judgment of the circuit court is affirmed.